%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
MCKENNA, JAMES

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)**  County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC,   1845 Walnut Street,
Ste. 2300, Phila. PA 19103 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure   28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
8/21/2012

SIGNATURE OF ATTORNEY OF RECORD
Patrick G. Geckle, Esquire

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _121 North 21st Street, Philadelphia, PA 19102_

Address of Defendant: _1515 Arch Street, 14th Floor, Claims Unit, One Parkway Bldg., Phliadelphia, PA 19102-1595_

Place of Accident, Incident or Transaction _19th and Samson Streets, Philadelphia, PA 19103_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _Patrick G. Geckle, Esquire,_ counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _8/21/2012_   _____   _26718_
                     Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/21/2012_   _____   _26718_
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES MCKENNA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 8/21/2012 | Patrick G. Geckle | James McKenna |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-735-4712 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES McKENNA                          :
121 North 21st Street                  :
Philadelphia, PA 19102                 :
                                       :
        vs.                            :
                                       :
CITY OF PHILADELPHIA                   : Civil Action No.
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building      :
1515 Arch Street, 14th Floor           :
Philadelphia, PA 19102-1595            : JURY TRIAL DEMANDED
        and                            :
POLICE OFFICER JESSE O'SHEA            :
BADGE NUMBER 1514                      :
Individually and as a police officer   :
for the City of Philadelphia           :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building      :
1515 Arch Street, 14th Floor           :
Philadelphia, PA 19102-1595            :
        and                            :
POLICE OFFICER JOHN DOE NUMBER 1       :
Individually and as a police officer   :
for the City of Philadelphia           :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building      :
1515 Arch Street, 14th Floor           :
Philadelphia, PA 19102-1595            :
        and                            :
POLICE OFFICER JOHN DOE NUMBER 2       :
Individually and as a police officer   :
for the City of Philadelphia           :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building      :
1515 Arch Street, 14th Floor           :
Philadelphia, PA 19102-1595            : Attorney ID # 26718

**COMPLAINT**

**Jurisdiction**

1.   This action is brought pursuant to 42 U.S.C. §1983.

Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1),(3),

(4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

### Parties

2.  Plaintiff, James McKenna, is an adult individual and a resident of the City of Philadelphia and Commonwealth of Pennsylvania and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3.  Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendant, Jesse O'Shea.

4.  Defendant, Police Officer Jesse O'Shea, Badge Number 1514, is a police officer for the Philadelphia Police Department acting under color of state law.  He is being sued in his individual capacity.

5.  Defendant, John Doe #1 is and was at all times a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his employment.  He is being sued in his individual capacity.

6.  Defendant, John Doe #2 is and was at all times a police officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his

employment.   He is being sued in his individual capacity.

7.   At all relevant times, all Defendants were acting in concert and conspiracy and their actions and/or failure to act deprived Plaintiff James McKenna of his constitutional and statutory rights.

## Factual Allegations

8.   On June 23, 2011 at approximately 12 midnight, Plaintiff James McKenna was a patron at Cavanaugh's Bar on Samson Street between 18th and 19th Streets in the City of Philadelphia.  While in that establishment, he noticed an acquaintance seated at a table.  He asked the bartender to send the acquaintance and her friends another round of drinks.

9.   Plaintiff quickly discovered that his offer was unwanted.  More specifically, Defendant Police Officer Jesse O'Shea advised Plaintiff that neither his company nor his offer to buy a drink was wanted.  Defendant Police Officer O'Shea also identified himself as a Philadelphia police officer and ordered Plaintiff to leave Cavanaugh's.

10.   Plaintiff, not wanting any trouble with anyone, especially not wanting trouble with the City of Philadelphia Police Department immediately exited Cavanaugh's Bar.

11.   After exiting Cavanaugh's Bar, Plaintiff was standing on the sidewalk with his girlfriend when suddenly,

3

without warning, he was violently and maliciously attacked from behind by Defendant Officer O'Shea.

12.    Plaintiff offered no resistance nor was Plaintiff acting in anyway which could be considered threatening or aggressive towards Defendant O'Shea or to anyone else.

13.    After Defendant Officer O'Shea assaulted the Plaintiff and threw him down to the ground, he chocked him until he was stopped by another individual, he handcuffed the Plaintiff and called for uniform officers and a wagon to transport the Plaintiff to the 9th District Police Station.

14.    After Defendant O'Shea attacked the Plaintiff, Defendant O'Shea called for uniform Officers John Doe #1 and John Doe #2.

15.    Shortly thereafter Defendant Police Officer John Doe 1 and John Doe 2 responded to the scene.

16.    Defendant Police Officer John Doe 1 and John Doe 2 placed Plaintiff, while handcuffed behind his back, into the Philadelphia police wagon for the purpose of transporting him to the 9th District Police Station.  While Plaintiff was being placed in the police wagon, Defendant O'Shea told Defendants Doe 1 and Doe 2 to "F_ _ _ this guy up."

17.    Upon information and belief, the emergency patrol wagon (hereafter EPW) utilized by the City of Philadelphia police are all supposed to be equipped with the means of

4

keeping arrestees secured within the confines of the EPW.
Defendant Police Officer John Doe #1 and Defendant Police
Officer John Doe # 2 deliberately, maliciously, and
recklessly, and wantonly failed to secure Plaintiff McKenna
inside the EPW and instead merely placed him inside without
ensuring that he was safely seated or without making any
attempt to secure him inside the EPW.  Plaintiff, as
mentioned above, also was handcuffed with his hands behind
his back.

18.  Within a minute or so Defendant Police Officer John
Doe 1 and/or John Doe 2 began the short drive from 19th and
Samson to the 9th Police District located at 401 North 21st
Street.

19.  From the point where Defendant Police Officer John
Doe 1 and/or Defendant Police Officer John Doe 2 began to
transport James McKenna in EPW, they intentionally and
recklessly and with the intent to harm and cause physical
pain and punishment drove in such an erratic manner as to
cause Plaintiff McKenna to be thrown about inside the back of
EPW.

20.  More specifically, Police Officer John Doe #1 and/or
John Doe #2 would rapidly accelerate the EPW and then
suddenly slam on the brakes; make turns at a high rate of
speed and then suddenly slam on the brakes, all of which

resulted in Plaintiff James McKenna being thrown about in the back of EPW causing Plaintiff McKenna to strike various parts of his body multiple times including striking his head multiple times inside the back of the EPW.

21.   While Defendant Police Officer John Doe #1 and John Doe #2 were transporting Plaintiff from the scene of the arrest to the 9th District Police Station, Plaintiff James McKenna was screaming for them to slow down and advising them that he was being thrown about and injured inside the back of the wagon.

22.   Despite the fact that the trip from 19th and Samson Street to 401 North 21st Street should only have taken a matter of a few minutes, the route taken by the Defendant Police Officer John Doe 1 and/or John Doe 2 lasted almost twenty (20) minutes.  Upon information and belief, Defendant Police Officers John Doe 1 and John Doe 2 instead of taking a direct route to the police station drove an unnecessary distance and length of time to ensure that further harm and injury would be caused to the Plaintiff.

23.   The type of erratic driving employed by Defendant Police Officer John Doe 1 and/or John Doe 2 of a police wagon with a handcuffed arrestee not secured by proper vehicle safety restraints was what Philadelphia police officers commonly referred to as a "nickel ride."

6

24.   The custom and practice of subjecting some people in custody to a "nickel ride" has existed for decades and resulted in the injury, sometimes permanent and including paralysis, of numerous people.  The City of Philadelphia has been aware of and known of the practice of subjecting arrestees to a "nickel ride" for decades.

25.   The City of Philadelphia has, most notably after the horrendous injury of people in the 1990's, made an effort to equip police wagons with adequate passenger restraints, yet with deliberate indifference, had failed to take meaningful measures to make sure that such passenger restraints are used by Philadelphia police officers.

26.   The Defendant Officers acted willfully, deliberately, maliciously and with the intent to harm and with reckless disregard for Plaintiff James McKenna's constitutional and statutory rights.

27.   Eventually, Plaintiff arrived at the 9th District Police Station.  By this point Plaintiff's injuries were such that he was unable to get out of the EPW on his own.

28.   While Plaintiff was in the holding cell, he was in extreme pain as a result of injuries sustained in the ride from the scene of his arrest to the police station.

29.   As a result of being in such extreme pain, Plaintiff begged for medical attention, yet his requests for medical

7

attention were ignored for 45 minutes to an hour.

30.   Eventually, due to the obvious nature of Plaintiff's injuries, Plaintiff was taken to the hospital.  However, his injures were so severe it was necessary to transfer him to Hahnemann Hospital where the nature of Plaintiff's injuries required six (6) days of inpatient hospitalization.

31.   The manner of driving employed by Defendant Police Officer John Doe 1 and John Doe 2 and the excessive amount of force used by Defendant Officers John Doe 1 and John Doe 2 was a direct result of the Defendant City of Philadelphia's pattern, practice, and custom of subjecting citizens such as Plaintiff James McKenna to wildly erratic driving while transporting arrestees.

32.   While Plaintiff James McKenna was in the holding cell, Defendant Police Officer O'Shea caused Plaintiff to be charged with assault.  Defendant Police Officer O'Shea knew that those charges were false and knew that Plaintiff James McKenna had not committed any crime nor violated any law of the Commonwealth of Pennsylvania.

33.   As a result of Defendant Police Officer O'Shea's falsely accusing and causing Plaintiff to be charged with assault, he was prosecuted by the Philadelphia District Attorney's Office.  However, Plaintiff was found not guilty of any and all charges.

8

34.   At all times relevant hereto, Defendant Police Officer O'Shea knew that Plaintiff James McKenna had not committed any criminal act and his actions in causing Plaintiff to be charged with assault were malicious, wanton, reckless and done with the sole intention of depriving Plaintiff of his constitutional and statutory rights.

35.   As a direct and proximate result of the actions of all of the Defendants, Plaintiff James McKenna suffers and continues to suffer physical injury and psychological harm, pain and suffering, some or all of which will be permanent, as well as financial losses.

36.   Defendants engaged in the aforesaid conduct for the purposes of violating Plaintiff James McKenna's constitutional rights by subjecting him to unreasonable force, unreasonable seizure, and violating his right to be secure in his person and property and to due process of law.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

37.   Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint.

38.   As a direct and proximate result of Defendants' conduct, committed under color of state law, James McKenna was deprived of his right to be secure in his person and property and to due process of law, and deprived of the right

9

to be free from unreasonable and excessive force, unlawful
arrest, malicious prosecution, assault and battery.  As a
result, James McKenna suffered and continues to suffer harm
in violation of his rights and of the laws of the
Constitution of the United States, in particular, the Fourth
and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

39.  As a direct and proximate result of the acts of all
Defendants, Plaintiff James McKenna sustained physical
injuries, emotional harm, loss of liberty and financial
losses, all to his detriment and harm.

40.  Defendant City of Philadelphia has encouraged,
tolerated, ratified and has been deliberately indifferent to
the following patterns, practices and customs and to the need
for more or different training, supervision, investigation or
discipline in the areas of:

    a.  The use of unreasonable force, excessive
        force, and unreasonable seizure.

    b.  The proper exercise of police powers, including
        but not limited to the unreasonable use of
        force, the excessive use of force, and
        unreasonable seizure, and malicious
        prosecutions.

    c.  The monitoring of officers whom it knew or
        should have known were suffering from emotional

and/or psychological problems that impaired their ability to function as officers;

d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.  Police officers' use of their status as police officers to employ the use of excessive force, unreasonable seizure, and malicious prosecutions or to ends not reasonably related to their police duties; and

f.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

41.  The City of Philadelphia has failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as Plaintiff James McKenna.

42.  Defendants have by the above described actions

deprived Plaintiff James McKenna of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

43.  Plaintiff incorporates by reference paragraphs 1 through 42 of the instant Complaint.

44.  At all times relevant hereto, the vehicle in which Plaintiff James McKenna was being transported from the scene of his arrest to the Philadelphia Detention Unit was being operated by agents, employees, servants or workmen of Defendant City of Philadelphia acting in the scope of their authority.

45.  The negligence and/or recklessness of the Defendant City of Philadelphia by their agents, servants, workmen or employees acting in the scope of their authority consisted of the following:

    a.  Driving too fast for existing conditions;

    b.  Driving recklessly and wantonly without due regard for the safety of Plaintiff James McKenna;

    c.  Failing to take any steps to properly secure James McKenna in the back of EPW.

    d.  Improperly braking the vehicle in which

12

Plaintiff was being transported.

e. Driving the van knowing that James McKenna was handcuffed while unsteady on his feet and knowing he was not secured with any type of passenger restraint in the back EPW.

46. Solely as a result of the negligence of the Defendants as aforesaid, Plaintiff James McKenna suffered the following injuries: fracture C6, fracture C7 with subluxation of C5-C6 and C6-C7, radiculopathy C6 and C7 requiring surgery and possibly other injuries some or all of which may be permanent in nature and may have aggravated other conditions all causing him great pain and suffering.

47. The acts and conduct of the individual Defendants in this cause of action constitute assault, battery, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to adjudicate these claims.

48. This court has supplemental jurisdiction to hear and adjudicate the state law claims regarding the negligent, reckless and wanton driving by the employees of Defendant City of Philadelphia.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

13

c.  Reasonable attorney's fees and costs;

d.  Such other and further relief as appears

reasonable and just; and

e.  A jury trial as to each Defendant and as to each

count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326
(215) 735-4712 (fax)
Counsel for Plaintiff

14